Sambath NHEM, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–03–00036–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 22, 2004.

Rehearing Overruled Feb. 23, 2004.

Mary Peter Cudd, Paul G. Johnson, Angleton, TX, for Appellant.

David Bosserman, Assistant Criminal District Attorney, Jeri Yenne, Criminal District Attorney, Angleton, TX, for Appellee.

Panel consists of Justices ELSA ALCALA, HANKS, and BLAND.

## OPINION

ELSA ALCALA, Justice.

Appellant, Sambath Nehm, was charged by indictment with the felony offense of possession with intent to deliver a controlled substance, namely, cocaine, weighing at least four grams, but less than 200 grams. Appellant pleaded not guilty to the charges, but a jury convicted him and assessed punishment at 20 years' confinement and a $10,000 fine. Appellant brings three issues challenging the judgment of the trial court. In issues one and two, appellant claims that the evidence was le-

gally and factually insufficient to support conviction. In issue three, appellant claims that the trial court erred in not suppressing evidence obtained from an allegedly illegal search of a bedroom in appellant's residence. We affirm.

## Background

During the course of investigating a hit and run automobile accident, officers with the Texas Department of Public Safety (DPS) and the Brazoria County Sherrif's Department tracked the fleeing driver to appellant's residence in Rosharon, Texas, through a trace of a licence plate number reported at the scene. Appellant, who was outside the residence, quickly went into the home when the officers arrived. When appellant came back outside at the officers' request, he appeared agitated. The officers noticed that appellant's pockets were full. In the course of a pat-down search of appellant for weapons, the officers discovered a pill bottle in appellant's pocket that contained what appeared to be crack cocaine. Appellant was placed under arrest for possession of a controlled substance.

Narcotics officers assigned to the Drug Enforcement Agency and DPS Narcotics Unit were summoned to the residence. The officers obtained the written consent of appellant's father to search the residence. In a bedroom in the residence, between bed mattresses, the officers found two pill bottles containing 38 crack cocaine rocks. Under the bed, the officers found mobile telephone bills in appellant's name, and, on a dresser in the same bedroom, the officers found appellant's driver's license.

Tests performed on all of the rocks confirmed that they were crack cocaine. The rocks found in the bedroom had a combined weight of 11.52 grams, and the cocaine recovered from appellant's person weighed 2.33 grams.

## Motion to Suppress

In his third issue, appellant contends that the trial court erred in not suppressing evidence obtained from the search of a bedroom in appellant's residence. The State responds that appellant waived any error regarding the suppression and admission of such evidence.

Appellant filed a motion to suppress all tangible evidence seized from appellant's residence, as well as the results of any scientific test performed on such evidence. The evidence that was seized from the residence and subsequently offered and admitted into evidence consisted of appellant's driver's license, appellant's mobile telephone bills, and the cocaine rocks. In his motion to suppress, appellant claimed that the consent to search the house was improperly obtained in violation of article 1, section 9 of the Texas Constitution as well as article 38.23 of the Code of Criminal Procedure. *See* Tex. Const. art. I, § 9; Tex.Code Crim. Proc. Ann. art. 38.23 (Vernon Supp.2004). The trial court, outside the presence of the jury, held a hearing on appellant's motion to suppress and subsequently denied the motion. During trial, when the State offered to admit the driver's license, telephone bills, and cocaine rocks into evidence, appellant responded, to each offer, that he had "no objections" to the item's admission into evidence.

A defendant who affirmatively asserts that he has "no objection" to the admission of the complained of evidence when the evidence is offered during trial waives any error in the admission of the evidence, even when there has been a motion to suppress hearing. *Moody v. State,* 827 S.W.2d 875, 889 (Tex.Crim.App.1992); *Marbles v. State,* 874 S.W.2d 225, 228 (Tex. App.-Houston [1st Dist.] 1994, no pet.). Accordingly, we conclude that appellant

waived any error regarding the suppression and admission of the evidence seized from his residence by affirmatively asserting that he had "no objections" when the evidence was offered at trial.

We overrule appellant's third issue.

**Legal Sufficiency**

In his first issue, appellant claims that the evidence was legally insufficient to support his conviction for possession with intent to deliver a controlled substance, namely cocaine, weighing at least four grams, but less than 200 grams. In assessing legal sufficiency, we determine whether, based on all of the record evidence, viewed in the light most favorable to the verdict, a rational jury could have found the accused guilty of all of the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Swearingen v. State*, 101 S.W.3d 89, 95 (Tex.Crim.App. 2003).

■ In a possession with intent to deliver case, the State must prove that the defendant: (1) exercised care, custody, control, or management over the controlled substance; (2) intended to deliver the controlled substance to another; and (3) knew that the substance in his possession was a controlled substance. Tex. Health & Safety Code Ann. §§ 481.002(38), 481.112(a) (Vernon 2003); *see King v. State*, 895 S.W.2d 701, 703 (Tex.Crim.App. 1995); *Roberson v. State*, 80 S.W.3d 730, 734–35 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd).

Appellant contends that a rational jury could not have found beyond a reasonable doubt that he exercised care, custody, control, or management over the crack cocaine rocks found in the bedroom of the residence because the State's circumstantial evidence failed to "affirmatively link" him to the cocaine rocks. Appellant's sufficiency complaint pertains only to the element concerning whether he possessed the controlled substance, and we limit our appellate review to that issue.

■ When a defendant is not in exclusive possession of the place where the controlled substance is found, the State must prove additional independent facts and circumstances that affirmatively link the defendant to the contraband in such a way that it can be concluded that the defendant had knowledge of the contraband and exercised control over it. *Roberson*, 80 S.W.3d at 735. An affirmative link generates a reasonable inference that the defendant knew of the contraband's existence and exercised control over it. *Johnson v. State*, 658 S.W.2d 623, 627 (Tex. Crim.App.1983); *Roberson*, 80 S.W.3d at 735. Courts have identified a non-exhaustive list of factors that may help to show an affirmative link to controlled substances. *Id.*[1] Each case is examined on its own facts, and a factor that contributes to the sufficiency of the evidence in one case may be of little or no value in a different case. *Id.* at 736. It is not the number of affirmative links present that is important, but rather the "logical force" that they create to prove that the defendant commit-

---

1. Several of the circumstances that have been held to indicate an affirmative link include: (1) presence when the search was executed; (2) contraband in plain view; (3) proximity to and accessibility of the contraband; (4) accused under the influence of contraband when arrested; (5) accused's possession of other contraband when arrested; (6) ac-

cused's incriminating statements when arrested; (7) attempted flight; (8) furtive gestures; (9) odor of the contraband; (10) presence of other contraband; (11) accused's right to possession of the place where contraband was found; and (12) drugs found in an enclosed place. *State v. Derrow*, 981 S.W.2d 776, 779 (Tex.App.-Houston [1st Dist.] 1998, pet. ref'd).

ted the crime. *Id.* at 735. We examine, therefore, any factors that possibly link appellant to the cocaine rocks. *See id.*

Our legal sufficiency analysis in this case turns on whether enough evidence existed for any rational jury to find beyond a reasonable doubt that appellant had knowledge of the presence of the cocaine rocks. *See id.* at 735–36. Appellant's mother, father and brother's girlfriend were inside the residence when appellant was arrested outside the home, and appellant was seen by the officers entering and exiting the residence. Appellant, thus, was not in exclusive control of the premises.

■ The State contends that the cocaine found on appellant's person, combined with appellant's driver's license and telephone bills found in close proximity to the cocaine rocks found in the bed, affirmatively link appellant to the cocaine rocks found in the bedroom. The controlled substance on appellant's person and the controlled substance found between the bed mattresses were both crack cocaine rocks, packed similarly in pill bottles. Officer Carol Adkins, a peace officer employed by the Alvin Police Department and assigned to the DPS Narcotics Unit, testified that, when law enforcement officers discover a controlled substance in a residence, they look for items that create a nexus or link between an individual and the location in the residence where the controlled substance was found. Officer Adkins testified that such items often include personal belongings such as driver's licenses and any type of billing statements. Appellant's driver's license was found on a dresser in the same room as the cocaine rocks, and the telephone bills in appellant's name were found under the bed where the cocaine rocks were found. *See Ebert v. State,* 848 S.W.2d 261, 266 (Tex.App.-Corpus Christi 1993, pet. ref'd) (holding document can be used as an affirmative link to a controlled substance).

We conclude that the "logical force" from the totality of the links, including appellant's possession of cocaine of the same type and packaging as the cocaine found in the bed and the close proximity of appellant's driver's license and mobile telephone bills to the cocaine found in the bed, is sufficient for a rational jury to have affirmatively linked appellant to the cocaine rocks in the bedroom. *See Roberson,* 80 S.W.3d at 736. Accordingly, a rational jury could have found the element of possession beyond a reasonable doubt. *See Jackson,* 443 U.S. at 318–19, 99 S.Ct. at 2788–89; *Swearingen,* 101 S.W.3d at 95.

We overrule appellant's first point of error.

### Factual Sufficiency

In his second point of error, appellant asserts that the evidence was factually insufficient to support his conviction for possession with intent to deliver a controlled substance, namely cocaine, weighing at least four grams, but less than 200 grams.

In reviewing factual sufficiency of the evidence, we consider all of the evidence in a neutral light. *Swearingen,* 101 S.W.3d at 97. We must reverse a conviction if the proof of guilt is so weak as to undermine the confidence of the jury's determination, or if the proof of guilt, although adequate if taken alone, is greatly outweighed by the proof of innocence. *Id.* Although we may disagree with the jury's verdict, we must defer to the jury's determination of the weight and credibility of the evidence and will reverse the jury's verdict only to avoid manifest injustice. *Id.*

Appellant's factual sufficiency argument, although broad, addresses only the possession element of the offense. Appellant's factual sufficiency challenge relies on the

following: (1) no evidence affirmatively linked appellant to the cocaine rocks; (2) other people were in the home when the cocaine rocks were found; (3) appellant's fingerprints were not found on the pill bottles containing the cocaine rocks or on the cocaine rocks themselves, (4) appellant's fingerprints were not found on any of the furniture in the bedroom where the cocaine rocks were found.

■ The jury reasonably could have found that appellant's possession of crack cocaine on his person, in addition to his driver's license and mobile telephone bills located in close proximity to the cocaine in the bedroom, affirmatively linked appellant to the cocaine rocks between the mattresses. Appellant's contention that other people were in the home when the cocaine rocks were found and that appellant's fingerprints were not found on the pill bottles, cocaine rocks, or furniture in the bedroom do not necessarily lead to the conclusion that appellant did not exercise care, custody, control, or management over the cocaine rocks found in the bedroom of appellant's residence. At most, these factors suggest that appellant may not have had exclusive control or possession of the cocaine rocks. *See Cedano v. State*, 24 S.W.3d 406, 412 (Tex.App.-Houston [1st Dist.] 2000, no pet.). Possession of a controlled substance, however, need not be exclusive to constitute a violation of the law. *Martin v. State*, 753 S.W.2d 384, 387 (Tex.Crim.App.1988). We conclude that the verdict is not so against the great weight and preponderance of the evidence as to be manifestly unjust, and proof of guilt is not so weak as to undermine confidence in the jury's determination. *See Swearingen*, 101 S.W.3d at 97.

We overrule appellant's second point of error.

**Conclusion**

We affirm the judgment of the trial court.