COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.
2-06-346-CR 

     
2-06-347-CR

 

 

JEREMIAH LAMONT MCCRAY                                               APPELLANT

A/K/A JEREMIAH L. MCCRAY

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction








Appellant Jeremiah Lamont
McCray a/k/a Jeremiah L. McCray complains 
in one point that the evidence is legally insufficient to sustain his
convictions for possession of marijuana and unlawful possession of a firearm by
a felon.  Specifically, McCray argues
that there is no evidence linking him to the marijuana.  We affirm.[2]


II. 
Factual and Procedural Background

A.  The
Raid

Based on information received from a confidential
informant, on January 24, 2006, Fort Worth police officers executed a search
warrant for drugs at McCray=s home
located at 1001 Haynes Street.  When they
entered the house, the officers immediately saw marijuana, guns, and cash.  Only McCray and his girlfriend were found in
the home.  When the officers entered,
McCray was standing in the kitchen close to the refrigerator and told the
officers, A[W]e only got usable amounts,@ and A[T]hat=s my
usable amount.@ 
A sack in the refrigerator was discovered containing forty bags filled
with marijuana. 

B.  Trial
Testimony








At trial, Officer Ornelas testified about the
information he received from a confidential informant, who had worked with the
officer for three-and-a-half years, about the Adrug
house@ at 1001
Haynes Street.  Ornelas acted on the
information by having undercover drug buys made at the location, including two
separate buys being made by the confidential informant, who reported he had
also seen a shotgun at the residence. 
The officer obtained a search warrant based on the buys, the presence of
the shotgun, and a description from the confidential informant of the seller,
who was described in the warrant as a thirty-year-old black male who was five
feet seven inches tall, weighed 160 pounds, and had a medium complexion and
short hair.  Officers used a battering
ram to swing and force the door open because they had a difficult time opening
the doorCit had
been barricaded from the inside with two-by-fours.  Ornelas testified that two weapons were
recovered in the living room along with seven baggies containing marijuana and
a small amount of cash.  He also
testified, as previously recounted, that McCray and the female were the only
people in the house.  

On cross-examination Ornelas testified that: (1)
he had not seen McCray before that night; (2) he did not know when McCray
arrived at the house, how McCray got to the house, or how long McCray had been
in the house; (3) neither McCray nor the female as holding a gun; (4) he did
not know if McCray owned or leased the house; and (5) the police did no investigation
into who actually owned the house. 
According to Ornelas, the description of the seller in the warrant
coincided with what the confidential informant had said.  Ornelas testified that he arrested McCray
because








Mr. McCray was the only
male inside the residence.  With the
exception of the weight, I felt that he matched the physical description that
was listed in the search warrant of the suspect.  And he was also found in close proximity of
the majority of marijuana, which was found inside the residence.

 

Ornelas also testified that a black male showed
up at the house after the search and told the police he lived at the house and
was the brother of the female who had been detained.  Additionally, while the officers were
conducting their investigation, approximately fifteen people came to the house
and attempted to purchase bags of marijuana.

Another Fort Worth police officer, Officer
Garwacki, testified that the people who kept coming up to the house were
detained, and a suspect fled the residence and was caught and arrested for
evading arrest and assault.  Garwacki
identified McCray as the person he saw in the kitchen of the home and said that
he found about $240 on McCray, who claimed that A[h]e
just had it.@ 
Garwacki also testified about gathering and marking evidence.  On cross-examination, Garwacki testified that
he had custody of McCray for five minutes before turning him over to another
officer.  He also testified that he never
heard McCray say anything about usable quantity, and he never saw McCray in
possession of any contraband or weapons.








Officer John Ost testified that the reason McCray
was arrested was that he was in close proximity to the refrigerator and that he
closely matched the description in the arrest warrant.  He was also the only male around the drugs,
guns, and the cash.  On cross-examination, Ost testified that
McCray is dark complected, and not medium complected as the warrant specified,
and that he did not know that the description in the arrest warrant came from
the confidential informant.

Officer Brian Burns testified that seven days
before the execution of the search warrant, he was dispatched to the home at issue.  McCray answered the door, told Burns that the
location was his home address, and invited the officer inside.

Following a trial by jury, McCray was convicted
of the offenses of unlawful possession of a firearm and possession of five
pounds or less, but more than four ounces, of marijuana.  Punishment was assessed by the jury at ten
and six years= confinement, respectively.  This appeal followed.

III. 
Standard of Review

In reviewing the legal sufficiency of the evidence
to support a conviction, we view all the evidence in the light most favorable
to the verdict in order to determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Hampton v. State, 165 S.W.3d 691, 693
(Tex. Crim. App. 2005).








This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789.  The trier of
fact is the sole judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v.
State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the fact-finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

IV. 
Possession of Marijuana








As discussed only by the State in its briefing,
it was the State=s burden at trial to show that
McCray had controlled, managed, or cared for the marijuana found in the home
and that he knew it was contraband.  See
Poindexter v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).  Because McCray was not in exclusive
possession of the home at the time of the raid, the State had to show
independent facts and circumstances that affirmatively linked McCray to the
marijuana to establish his knowledge of and control over it.  See id. at 406.  Examples of these links have been enumerated
by this court in Tucker v. State, 183 S.W.3d 501, 510 (Tex. App.CFort
Worth 2005, no pet.), and it is the Alogical
force@ that
the links create to connect the defendant to the crime that is important,
rather than their number.  Nhem v.
State, 129 S.W.3d 696, 699-700 (Tex. App.CHouston
[1st Dist.] 2004, no pet.).  Those links
include (1) McCray=s presence when the search
warrant was executed, (2) whether the drugs were in plain view, (3) McCray=s
proximity to and the accessibility of the drugs, (4) whether McCray was under
the influence of narcotics when arrested, (5) whether McCray possessed other
contraband or narcotics when arrested, (6) whether McCray made incriminating
statements when arrested, (7) whether McCray attempted to flee, (8) whether
McCray made furtive gestures, (9) whether the contraband had an odor, (10)
whether other contraband or drug paraphernalia was present, (11) whether McCray
owned or had the right to possess the place where the drugs were found, (12)
whether the place where the drugs were found was enclosed, (13) whether McCray
was found with a large amount of cash, and (14) whether McCray=s
conduct indicated a consciousness of guilt. 
See Tucker, 183 S.W.3d at 510. 

V.  Analysis 








Reviewing the facts as previously discussed and
comparing them to the aforementioned links, we observe that McCray was present
in the house when the search warrant was executed; drugs were found in the
living room; McCray was standing close to the refrigerator, where more
marijuana was found; two weapons were found in the living room; McCray made the
statement, A[W]e only got usable amounts,@ and A[T]hat=s my
usable amount@; McCray had previously told
Officer Burns that the residence was his home; the drugs were found in an
enclosed home; McCray was in the possession of $240; and McCray=s
comments about his Ausable amounts@ were an
indication of guilt.

We conclude that a review of the evidence
demonstrates sufficient links to connect McCray to the marijuana and that,
under the appropriate standard of review, a rational trier of fact could have
found the essential elements of possession of marijuana by McCray.  We overrule McCray=s sole
point.

VI. 
Conclusion

Having overruled McCray=s point,
we affirm the trial court=s judgments.

 

 

PER
CURIAM

 

PANEL F:    MCCOY,
DAUPHINOT, and HOLMAN, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: September 27,
2007

 

 











[1]See Tex.
R. App. P.
47.4.





[2]McCray=s briefing addresses only
his conviction for possession of marijuana; therefore, only this issue will be
addressed.  McCray=s challenge to his
conviction for unlawful possession of a firearm is forfeited due to inadequate
briefing.  See Tex. R. App. P. 38.1(h); Salazar v.
State, 38 S.W.3d 141, 147 (Tex. Crim. App.), cert. denied, 534 U.S.
855 (2001).