Opinion issued February 19, 2009











     




In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00174-CR




FRANCISCO ALEJANDRO VILLARREAL, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from the 56th District Court 
Galveston County, Texas
Trial Court Cause No. 06CR3758




MEMORANDUM OPINION 

          A jury found appellant, Francisco Alejandro Villarreal, guilty of possession of
a controlled substance, namely cocaine, weighing 4 grams or more but less than 200
grams.


 The trial court sentenced appellant to seven years in prison. In one issue,
appellant challenges the legal sufficiency of the evidence to support his conviction.
          We affirm. 
Background
          On December 21, 2006, Galveston police officer J. Martin responded to a call
that shots had been fired. When he arrived on the scene, Officer Martin found
appellant standing in the street near a white Cadillac. The officer saw that the car had
bullet holes in its side. 
          Appellant told Officer Martin that he was returning home when he saw people
leaving his home carrying items belonging to him. Appellant ran after the suspects
and then jumped into the suspects’ white Cadillac to chase them. The suspects then
turned and shot at appellant, hitting the side of the car. 
          Officer Martin and Officer C. Garcia entered appellant’s residence to ensure
that no suspects remained in the home. Officer Garcia noted that the front door
showed signs of a forced entry. On entering the residence, both officers noticed that
items were strewn around the living room consistent with a burglary. 
          Officer D. Fillmore, a Galveston police “field identification officer,” arrived
at the scene to photograph the residence to document the burglary. Officer Garcia
accompanied Officer Fillmore as Officer Fillmore photographed the rooms of the
house. At one point, Officer Garcia entered an upstairs bedroom that contained a
small child’s bed. He saw a large cardboard box containing clothing on the bed. On
top of the large box, Officer Garcia saw a smaller cardboard box. Officer Garcia
noticed that inside the small box, “in plain view,” were plastic baggies containing
what appeared to be marihuana and crack cocaine. Officer Garcia called Officer
Fillmore, who photographed the cardboard box and took possession of it.
          After the police arrived, another occupant of the house, Sergio Robles, arrived
at the scene. Robles told police that he owned the home and that appellant was his
cousin. According to Robles, appellant had been staying with him for about two
weeks. Robles stated that appellant slept on the sofa downstairs but kept his
belongings upstairs in the room with the child’s bed. Robles confirmed that the large
box of clothes on the bed belonged to appellant.
          Officer J. Allred arrested appellant for narcotics possession and read him his
legal rights. Officer Allred asked appellant where the “dope” came from and
appellant told him that his cousin, Carlos Villarreal, had dropped the narcotics off at
the house the previous day. When Officer Allred stated that he would contact
Villarreal to verify the story, appellant told the officer that he did not know his
cousin’s address or telephone number. Appellant did not know if anyone in the
family could contact Villarreal. Officer Allred also asked appellant why he believed
the house had been burglarized. Appellant responded, “Probably for dope.” Officer
Allred searched appellant incident to arrest and found a digital scale in appellant’s
pocket.
          At trial, the State showed that the substance in the box found by Officer Garcia
was cocaine weighing 49.03 grams. Appellant was charged with possession of
cocaine weighing 4 or more grams but less than 200 grams, with the intent to deliver. 
The jury found appellant guilty of the lesser included offense of simple possession
of the cocaine.
Legal Sufficiency
          In his sole issue, appellant contends that the evidence is legally insufficient to
support his conviction. More particularly, appellant contends that the State offered
legally insufficient evidence to link him to the cocaine.
A.      Standard of Review and Relevant Law
          When conducting a legal sufficiency review, we must ask whether “any rational
trier of fact could have found the essential elements of the crime beyond a reasonable
doubt”—not whether “it believes that the evidence at the trial established guilt
beyond a reasonable doubt.” Laster v. State, No. PD-1276-07, 2009 WL 80226, at
*2 (Tex. Crim. App. Jan. 14, 2009) (citing Jackson v. Virginia, 443 U.S. 307, 318–19,
99 S. Ct. 2781, 2788–89 (1979)). In our review, we assess all of the evidence “in the
light most favorable to the prosecution.” Id. (citing Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789). We resolve any inconsistencies in the evidence in favor of the verdict. 
Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). This same standard
applies equally to circumstantial and direct evidence. See Laster, 2009 WL 80226,
at *2 (citing Burden v. State, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001)). After
giving proper deference to the factfinder’s role, we will uphold the verdict unless a
rational factfinder must have had reasonable doubt as to any essential element. Id.
(citing Narvaiz v. State, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992)). 
          A person commits the offense of possession of a controlled substance, namely
cocaine, weighing at least 4 grams but less than 200 grams, if he knowingly or
intentionally possesses the controlled substance in the prescribed amount, by
aggregate weight, including adulterants or dilutants. See Tex. Health & Safety
Code Ann. § 481.102(3)(D) (Vernon Supp. 2008) (cocaine), § 481.112(a), (d)
(Vernon 2003). To prove unlawful possession of a controlled substance, the State
must prove that (1) the accused exercised control, management, or care over the
substance and (2) the accused knew the matter possessed was contraband. Poindexter
v. State, 153 S.W.3d 402, 05 (Tex. Crim. App. 2005); see Tex. Health & Safety
Code Ann. § 481.002(38) (Vernon Supp. 2008) (defining “possession” as “actual
care, custody, control, or management”). When determining whether the defendant
knew that he possessed narcotics, the jury is allowed to infer the defendant’s
knowledge from his acts, conduct, remarks, and from the surrounding circumstances. 
Krause v. State, 243 S.W.3d 95, 111 (Tex. App.—Houston [1st Dist.] 2007, pet.
ref’d). 
          If a defendant is not in exclusive possession of the place where the contraband
is found, then additional independent facts and circumstances must affirmatively link
the defendant to the contraband in such a way that it can be concluded that he had
knowledge of the contraband and exercised control over it. Roberson v. State, 80
S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). An affirmative
link is one that generates a reasonable inference that the defendant knew of the
contraband’s existence and exercised control over it. Id. Proof of an affirmative link
between the defendant and the contraband is primarily needed to establish knowledge
or intent. Id. Whether this evidence is direct or circumstantial, it must establish, to
the requisite level of confidence, that the defendant’s connection with the drug was
more than simply fortuitous. Poindexter, 153 S.W.3d at 405–06.
          Possible links include, but are not limited to, the following: (1) whether the
defendant was present when the drugs were found; (2) whether the drugs were in
plain view; (3) the defendant’s proximity to and the accessibility of the drugs; (4)
whether the defendant was under the influence of drugs when arrested; (5) whether
the defendant possessed other contraband or drugs when arrested; (6) whether the
defendant made any incriminating statements when arrested; (7) whether the
defendant attempted to flee; (8) whether the defendant made furtive gestures; (9)
whether there was an odor of drugs; (10) whether other contraband or other drug
paraphernalia was present; (11) whether the defendant owned or had the right to
possess the place where the drugs were found; (12) whether the place the drugs were
found was enclosed; (13) whether the defendant was found with a large amount of
cash; and (14) whether the conduct of the defendant indicated a consciousness of
guilt. Evans v. State, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006); Beall v.
State, 237 S.W.3d 841, 850 (Tex. App.—Fort Worth 2007, no pet.).
          In deciding whether the evidence is sufficient to link a defendant to contraband,
the factfinder is the exclusive judge of the credibility of the witnesses and the weight
to be given to their testimony. Poindexter, 153 S.W.3d at 406. No formula of facts
exists to dictate a finding of links sufficient to support an inference of knowing
possession. See Taylor v. State, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no
pet.). A factor that is of little or no value in one case may be the turning point in
another. See Nhem v. State, 129 S.W.3d 696, 699 (Tex. App.—Houston [1st Dist.]
2004, no pet.). It is the logical force of the evidence, and not the number of links, that
supports a factfinder’s verdict. Evans, 202 S.W.3d at 166 (Tex. Crim. App. 2006). 
B.Analysis
          In support of his legal-sufficiency challenge, appellant contends that the State
failed to sufficiently “link” him to the cocaine found in the upstairs room. Appellant
points out that (1) the cocaine was located in a box in a common area upstairs; (2)
appellant slept downstairs; (3) neither appellant’s fingerprints nor DNA were found
on the cocaine’s wrapping; (4) no “illegal drugs” were found on appellant’s person;
and (5) no money was found on appellant or in the residence. 
          Appellant’s analysis does not appropriately view the evidence in the light most
favorable to the prosecution and ignores the following evidence that shows a number
of links between him and the cocaine:
•Appellant indicated to the officers that “his residence” or “his
home” had been burglarized. 
 •Appellant had been residing in the house for at least two weeks
at the time the cocaine was found. 
 
•Appellant’s cousin, Sergio Robles, testified that appellant kept his
belongings in the room where the cocaine was found. Robles
confirmed that the large box of clothes, which contained the
smaller box with the cocaine, belonged to appellant. 
 
•Two boxes of plastic sandwich bags were found in the living
room where appellant slept. Officer Allred testified that, based on
his 11 years of training and experience, cocaine is generally
carried in clear plastic such as sandwich bags.
 
•A digital scale was found in appellant’s pocket during the search
incident to appellant’s arrest. Officer Allred testified that in his
training and experience, a digital scale, like the one recovered
from appellant, is typically used to weigh narcotics. 
 
•Appellant told Officer Allred that his cousin, Carlos, had come to
the house the day before and dropped off the cocaine. Appellant
also told Officer Allred that he believed that the house was
probably burglarized for “dope.”
 
•The amount of cocaine recovered was sizable, weighing 49.03
grams. 

          The circumstantial evidence outlined above, when viewed in combination,
constitutes “amply sufficient evidence connecting appellant to the actual care,
custody, control or management” of the cocaine such that a jury could reasonably
infer that appellant possessed it. See Evans, 202 S.W.3d at 166. Although appellant
cites factors on which the State presented no evidence and evidence that arguably
weighs in his favor, it “is the logical force of the circumstantial evidence, not the
number of links, that supports a jury’s verdict.” See id. 
          Viewing the evidence in a light most favorable to the verdict, we conclude that
a rational trier of fact could have found, beyond a reasonable doubt, that appellant
knowingly possessed the cocaine. Accordingly, we hold that the evidence is legally
sufficient to support the judgment of conviction. 
          We overrule appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court.



 

                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Jennings, Keyes, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).