Opinion issued December 17, 2009
 














     

In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00427-CR




WILLIAM LARRY ASTON, Appellant,

v.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th district Court
Harris County, Texas
Trial Court Cause No. 1057551




MEMORANDUM OPINION 
          A jury found appellant, William Larry Aston, guilty of possession with intent
to deliver a controlled substance, namely cocaine, weighing 1 gram or more but less
than 4 grams.


 The trial court assessed punishment at 10 years in prison, suspended
for 10 years of community supervision, and a $1000 fine. In two issues, appellant
challenges the legal and factual sufficiency of the evidence to support his conviction.
          We affirm.
Background Facts
          While on patrol, Spring Branch School District police officer, J. Hanson, saw
a car leave an elementary school parking lot at 1:20 a.m. Officer Hanson knew that
no one should be at the school at that time of night. The officer decided to
investigate. Officer Hanson soon located the car, a black Honda Accord, at an
intersection. When he noticed that the car’s rear license plate was missing, Officer
Hanson initiated a traffic stop by activating his emergency lights.
          The Honda did not immediately stop. Instead, it turned onto another street and
“continued rolling at a slow speed and finally came to a stop . . . about a block later.”


 
Officer Hanson then saw the driver side door open and appellant, who had been
driving the car, came “hastily” toward the officer’s vehicle. Officer Hanson found
appellant’s action to be “highly unusual” for a driver. The officer ordered appellant
to stop and to place his hands on the back of the Honda. Appellant complied with the
officer’s order. Officer Hanson walked up to appellant at the back of the Honda and
saw that someone was sitting in the front passenger seat. The officer also saw that
a temporary license tag was in the back window, but had fallen down. 
          From where he was standing at the back of the Honda, Officer Hanson had a
“clear view” inside the car. Officer Hanson saw the passenger “making all kinds of
movements with his hands, reaching down his body, reaching around his body,
reaching down towards the floorboard.” Officer Hanson ordered the passenger to put
his hands on his head. The officer was “concerned that [the passenger] was going to
come out with a weapon.” The passenger did not comply with the officer’s order. 
The passenger acted “very erratic” and “continued moving,” despite several requests
by Officer Hanson for the passenger to place his hands on his head. 
          Officer Hanson then asked appellant whether the passenger was on drugs and
whether there was any contraband in the car. Appellant responded, “Not to his
knowledge.” The indefinite response made Officer Hanson think that contraband
likely was in the car.
          Given appellant’s initial behavior of getting out of his vehicle and the
passenger’s “furtive movements,” Officer Hanson, who was alone with the two men
late at night on a dark street, feared for his safety and called for back up. 
Approximately five minutes later, Officer G. Longoria arrived at the scene. During
the five minutes it took Officer Longoria to arrive, Officer Hanson continued to
observe the passenger still seated in the car. 
          Officer Hanson told Officer Longoria that he saw the passenger making furtive
movements and did not know whether the passenger was “going for a gun.” Officer
Longoria took the passenger, who was identified as Guy Stone, out of the vehicle and
conducted a pat down search. Officer Longoria found a crack pipe in Stone’s pants
pocket and another in his sock.
          Officer Longoria then searched the Honda. Under the front passenger seat,
Officer Longoria found a broken crack pipe, a metal wire hanger, a spoon with
residue and burn marks, rolling papers, and butane lighters. Officer Longoria
recognized these items as paraphernalia used to smoke cocaine. In the glove
compartment, Officer Longoria found a medicine bottle that contained multiple small,
plastic bags. 
          Under the driver’s seat, Officer Longoria found the following items:
 
          •        An unlabeled pill bottle containing a variety of prescription medications;
 
          •        A medicine bottle that contained rock cocaine packaged in individual
bags that appeared to be the same type as those found in the glove
compartment;
 
          •        A white powdery substance, which was determined not to be a
controlled substance, but which Officer Longoria thought to be baking
soda, a substance used to cook rock cocaine;
 
          •        A razorblade, which can be used to cut up cocaine for sale;
 
          •        A scale, which can be used to weigh cocaine; and
 
          •        A butane lighter. 
          In the backseat, Officer Longoria found a large butane refill container. 
          Based on the items found during the search, appellant was arrested and later
indicted for possession with intent to deliver a controlled substance, namely cocaine,
weighing 1 gram or more but less than 4 grams. 
          At trial, the State presented the testimony of Officers Hanson and Longoria. 
The State also presented the testimony of a forensic chemist, who had tested the
evidence recovered from the Honda. The chemist testified that her analysis of the
substance recovered from under appellant’s car seat revealed that it was 2.82 grams
of cocaine.
          Appellant testified in his own defense during the guilt-innocence phase.
Appellant testified regarding his ownership of the Honda Accord. He explained that
he had been in the process of purchasing the car from his girlfriend, when she died
unexpectedly. Before her death, appellant’s girlfriend had allowed appellant to use
the car regularly to drive to work. Appellant testified that he had been driving the car
the week before his arrest. Appellant acknowledged that his name appeared on the
temporary license tag in the rear window. 
          Appellant testified that he knew Guy Stone, the passenger in the car, from
work. Stone had asked appellant to help him after Stone had been evicted from the
motel where he was staying. Appellant had gone to the motel and had helped Stone
load Stone’s belongings into the Honda. Before being stopped by Officer Hanson,
appellant and Stone had driven around for many hours attempting to locate Stone’s
girlfriend. 
          Appellant denied any knowledge of the illegal drugs or drug paraphernalia
recovered from the Honda. Appellant testified that he believed that Stone had placed
the illegal drugs in the car.
          The jury found appellant guilty of possession with intent to deliver a controlled
substance, namely cocaine, weighing 1 gram or more but less than 4 grams. This
appeal followed. 
Legal and Factual Sufficiency
          Presenting two issues, appellant challenges the legal and factual sufficiency of
the evidence showing that he exercised care, custody, control or management over the
cocaine found under his seat, a requisite element of the offense of possession with
intent to deliver a controlled substance. See Tex. Health & Safety Code Ann.
§§ 481.002(38); 481.102(3)(D) (Vernon Supp. 2009), 481.112(a), (c) (Vernon 2003);
Parker v. State, 192 S.W.3d 801, 805 (Tex. App.—Houston [1st Dist.] 2006, pet.
ref’d). 
A.      Legal Sufficiency Review
          When reviewing the legal sufficiency of the evidence to support a conviction,
we determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. See Laster v. State, 275 S.W.3d
512, 518 (Tex. Crim. App. 2009). “[A] court must ask whether ‘any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt’—not whether ‘it believes that the evidence at the trial established guilt beyond
a reasonable doubt.’” Id. at 517 (quoting Jackson v. Virginia, 443 U.S. 307, 318–19,
99 S. Ct. 2781, 2789 (1979)). 
          We may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the fact finder. Dewberry v. State, 4 S.W.3d 735,
740 (Tex. Crim. App. 1999). Rather, in conducting our legal-sufficiency review, we
assess all of the evidence in the light most favorable to the prosecution. Id. (citing
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789). We must presume that the trier of fact
resolved any conflicting inferences in favor of the prosecution and defer to that
resolution. Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing
Jackson, 443 U.S. at 326, 99 S. Ct. at 2793). 
          A person commits the offense of possession of a controlled substance, namely
cocaine, weighing 1 gram or more but less than 4 grams, if he knowingly or
intentionally possesses the controlled substance in the prescribed amount, by
aggregate weight, including adulterants or dilutants. See Tex. Health & Safety
Code Ann. §§ 481.102(3)(D), 481.112(a), (c). To prove possession with intent to
deliver, the State must prove that the defendant (1) exercised care, custody, control,
or management over the controlled substance, (2) intended to deliver the controlled
substance to another, and (3) knew that the substance in his possession was a
controlled substance. Id. at §§ 481.002(38), 481.112(a); Parker, 192 S.W.3d at 805.
          If a defendant is not in exclusive possession of the place where the contraband
is found, then additional independent facts and circumstances must affirmatively link
the defendant to the contraband in such a way that it can be concluded that he had
knowledge of the contraband and exercised control over it. Roberson v. State, 80
S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). An affirmative
link is one that generates a reasonable inference that the defendant knew of the
contraban’s existence and exercised control over it. Id. Proof of an affirmative link
between the defendant and the contraband is primarily needed to establish knowledge
or intent. Id. Whether this evidence is direct or circumstantial, it must establish, to
the requisite level of confidence, that the defendant’s connection with the drug was
more than simply fortuitous. Poindexter v. State, 153 S.W.3d 402, 405–06 (Tex.
Crim. App. 2005).
          Possible links include, but are not limited to, the following: (1) whether the
defendant was present when the drugs were found; (2) whether the drugs were in
plain view; (3) the defendant’s proximity to and the accessibility of the drugs; (4)
whether the defendant was under the influence of drugs when arrested; (5) whether
the defendant possessed other contraband or drugs when arrested; (6) whether the
defendant made any incriminating statements when arrested; (7) whether the
defendant attempted to flee; (8) whether the defendant made furtive gestures; (9)
whether there was an odor of drugs; (10) whether other contraband or other drug
paraphernalia was present; (11) whether the defendant owned or had the right to
possess the place where the drugs were found; (12) whether the place the drugs were
found was enclosed; (13) whether the defendant was found with a large amount of
cash; and (14) whether the conduct of the defendant indicated a consciousness of
guilt. Evans v. State, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006); Beall v.
State, 237 S.W.3d 841, 850 (Tex. App.—Fort Worth 2007, no pet.).
          In deciding whether the evidence is sufficient to link a defendant to contraband,
the factfinder is the exclusive judge of the credibility of the witnesses and the weight
to be given to their testimony. Poindexter, 153 S.W.3d at 406. The link between the
defendant and the contraband need not be so strong that it excludes every other
outstanding reasonable hypothesis except the defendant’s guilt. Brown v. State, 911
S.W.2d 744, 747 (Tex. Crim. App. 1995). No formula of facts exists to dictate a
finding of links sufficient to support an inference of knowing possession. See Taylor
v. State, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.). A factor that is of
little or no value in one case may be the turning point in another. See Nhem v. State,
129 S.W.3d 696, 699 (Tex. App.—Houston [1st Dist.] 2004, no pet.). When
determining whether the defendant knew that he possessed contraband, the jury is
allowed to infer the defendant’s knowledge from his acts, conduct, remarks, and from
the surrounding circumstances. See Krause v. State, 243 S.W.3d 95, 111 (Tex.
App.—Houston [1st Dist.] 2007, pet. ref’d). In sum, it is the logical force of the
evidence, and not the number of links, that supports a factfinder’s verdict. Evans, 202
S.W.3d at 166.
          Appellant contends that the State failed to sufficiently “link” him to the cocaine
found under his car seat. Appellant acknowledges that he “was in close proximity to
the controlled substance, other contraband was present in the vehicle, [he] had a right
to possess the vehicle, and the controlled substance was found inside an enclosed
area, namely the vehicle.” Nonetheless, appellant argues, “Though these five factors
may be considered as possible links between Appellant and the controlled substance,
the logical force created by all of the factors suggests that Appellant was not aware
of the controlled substance found inside the vehicle.” Appellant points out that the
car’s passenger, Stone, was also present at the time of the search and “was inside the
vehicle longer than Appellant, and without supervision.” Appellant points out that
Officer Longoria testified, as characterized by appellant, that the officer “had to
actually physically get under the seat to even see that anything was under the seat.” 
Appellant asserts that “after spotting the medicine bottles under the seat, Longoria
had to actually open the bottles up to see that there was a controlled substance
inside.” Appellant acknowledges that he had “a right to possess the vehicle,” but
asserts that “the State presented no evidence that he ‘owned’ the vehicle.”
          Appellant also points out that the State presented no evidence regarding many
of the link factors. In addition to citing a lack of evidence pertaining to a number of
the factors, appellant also points to evidence that Stone, according to Officer Hanson,
was “high as a kite” at the time the contraband was found. In contrast, no evidence
was presented that appellant was under the influence of drugs at the time. Appellant
also points out that two crack pipes were found on Stone’s person, but no drug-related
items were found on appellant. Evidence was presented that Stone was making
“furtive gestures” inside the vehicle, but no such evidence was presented regarding
appellant. Appellant also cites evidence that he was cooperative with the officers. 
          Generally, appellant accurately cites the record. Nonetheless, appellant’s
analysis does not appropriately view the evidence in the light most favorable to the
prosecution and improperly discounts the following significant evidence, which links
him to the cocaine:
          •        The cocaine, which is the subject of the offense, was found under the
driver’s seat.
 
          •        Appellant was driving the Honda for a number of hours before the stop;
he had possession of the Honda for a week before the stop; he was in the
process of purchasing the car; and appellant’s name was on the
temporary license tags in the car’s window.
 
          •        When Officer Hanson activated his lights to initiate the stop, appellant 
did not stop immediately; instead, he “continued rolling at a slow speed
and finally came to a stop . . . about a block later.” 
 
          •        After stopping, appellant got out of his car before Officer Hanson got
out of his patrol car. Appellant “hastily” came back toward the officer. 
Officer Hanson testified that he found this behavior unusual for a driver.
 
          •        Other illegal drugs and tools of the drug trade were found under the
passenger seat, in the glove compartment, and in the backseat of the car. 

          •        When asked by Officer Hanson whether there was contraband in the
vehicle, appellant responded, “not to his knowledge.” Officer Hanson 
testified that appellant’s response indicated to him that there likely was
contraband in the car. Officer Hanson opined that most people would
have simply said “no” when asked whether the car contained
contraband. 
          In addition, Officer Hanson testified that Stone was always in his view. The
officer told the jury that Stone’s movements were limited to the passenger side of the
vehicle. Officer Hanson testified that he never saw Stone reach over to the driver’s
side of the car. 
          The circumstantial evidence outlined above, when viewed in combination,
constitutes amply sufficient evidence connecting appellant to the actual care, custody,
control or management of the cocaine such that a jury could reasonably infer that
appellant possessed it. See Evans, 202 S.W.3d at 166. Although appellant cites link
factors on which the State presented no evidence, as well as evidence that weighs in
his favor, “[i]t is the logical force of the circumstantial evidence, not the number of
links, that supports a jury’s verdict.” See id.
          Viewing the evidence in a light most favorable to the prosecution, we conclude
that a rational trier of fact could have found, beyond a reasonable doubt, that
appellant knowingly possessed the cocaine. Accordingly, we hold that the evidence
is legally sufficient to support the judgment of conviction.
          We overrule appellant’s first issue.
B.      Factual Sufficiency Review
          An appellate court can deem the evidence to be factually insufficient in two
ways: (1) the evidence supporting the conviction is “too weak” to support the
factfinder’s verdict or (2) considering conflicting evidence, the factfinder’s verdict
is “against the great weight and preponderance of the evidence.” Laster, 275 S.W.3d
512, 518 (Tex. Crim. App. 2009) (citing Watson v. State, 204 S.W.3d 404, 414-15
(Tex. Crim. App. 2006)). The Court of Criminal Appeals has set out three rules for
a court of appeals to follow when conducting a factual sufficiency review: (1) all of
the evidence must be considered in a neutral light and not in a light most favorable
to the explicating verdict; (2) the evidence may be found to be factually insufficient
only when necessary to prevent manifest injustice; and (3) an explanation must be
provided regarding why the evidence is too weak to support the verdict or why the
conflicting evidence greatly weighs against the verdict. Id. Additionally, when
conducting a factual-sufficiency review, a court of appeals must defer to the jury’s
findings. Id. (citing Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997)).
          In conducting a factual-sufficiency review, we must consider the most
important evidence that the appellant claims undermines the jury’s verdict. See Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). Here, appellant first points to
evidence that he had been driving the Honda exclusively for only one week, his
deceased girlfriend still owned the car, and the cocaine was not in plain view.
Appellant asserts, “It is entirely possible that the controlled substance found hidden
underneath the driver’s seat, hidden from plain view of anyone who sat in the seat,
had been there prior to Appellant’s use of the vehicle.” 
          Although the cited evidence could be interpreted to support appellant’s
suggested theory, the jury also could have reasonably concluded from this evidence
that one week was ample time for appellant to discover the cocaine or that appellant
placed the cocaine under the seat himself to conceal it. The evidence showed that the
license tag in the window had appellant’s name on it, indicating that he had already
purchased the car from his girlfriend. In addition the evidence showed that other
illegal drugs and drug paraphernalia were found throughout the car, making it
unlikely that appellant was unaware of the contraband, including the cocaine.           Appellant further points out that “the evidence . . . presented a strong notion
that Guy Stone possessed the controlled substance and stashed the drugs and
contraband in the vehicle while Appellant was outside speaking with Officer
Hanson.” Appellant continues that the evidence showed that he “helped Stone move
all of his possessions from a motel room into the vehicle.” Appellant points to his
own testimony that “Stone’s possessions were in duffle bags and garbage bags and
were packed into the interior of the vehicle.” Appellant asserts that he did not know
what was in the bags. 
          When viewed neutrally, the evidence showing that Stone had bags of his
belongings in the car could support either the defense’s or the State’s position. The
jury could have inferred that Stone brought the contraband with him and then stashed
it under the seat. The jury could also have found such theory unlikely given that
illegal drugs and drug paraphernalia were found in a number places in the car and that
Officer Hanson testified that he was keenly watching Stone. 
          Appellant also cites Officer Hanson’s testimony that “he could see Stone
moving all about the passenger side of the vehicle the entire time that Hanson stood
outside with Appellant.” Appellant asserts, “This would have given [Stone] ample
time to remove any contraband from his bags and place them under the seats and in
the glove compartment.” 
          Appellant acknowledges Officer Hanson’s testimony that, while he was with
appellant behind the car, he could clearly see inside the car and never “took his eyes
off either [appellant or Stone].” Officer Hanson also testified that he never saw Stone
reach across to the driver’s side. 
          Appellant asserts that Officer Hanson’s testimony was not credible in this
regard because “the logistics of this testimony are improbable.” Appellant points out
that Officer Hanson was at the back of the car with him and “had to keep his eyes on
Appellant.” Appellant also points out that it was dark outside. Appellant contends,
“It would be unreasonable to believe that Hanson kept his eyes on Stone the entire
time or that he could see clearly inside the vehicle so as to unequivocally state that
Stone never reached across to the driver’s side.” Appellant does not mention, as
pointed out by the State, that Officer Hanson’s testimony indicated that he vigilantly
watched Stone because he feared that Stone had a weapon in the car.
          We afford almost complete deference to a jury’s determination based on an
evaluation of credibility. Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim. App.
2008). A jury may choose to believe all, some, or none of the testimony presented.
Id. at 707. The jury is the sole judge of the credibility of the witnesses and the weight
to be given their testimony. Id. Here, to the extent that the jury chose to believe
Officer Hanson’s testimony, we defer to that determination. See id. 
          In further support of his theory that the evidence showed that Stone planted the
cocaine, appellant relies on evidence that Officer Longoria recovered two crack pipes
from Stone’s pockets. While it could have viewed this evidence in favor of appellant,
the jury also could have reasonably concluded that Stone was only smoking crack
cocaine that had been supplied to him by appellant. 
          In addition, appellant places significance on Officer Hanson’s testimony that
no finger print evidence was taken to show “who actually handled” the contraband. 
We note that there is no specific legal requirement of physical evidence linking a
defendant to an offense. See id. at 706–07. In a conviction based on circumstantial
evidence, it is not required that every fact point directly and independently to the guilt
of the accused; the cumulative force of all the incriminating circumstances may be
sufficient. See Guevara v. State, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004)
(explaining that lack of direct evidence not dispositive of issue of defendant’s guilt). 
As discussed, significant evidence was presented linking appellant to the cocaine
found under his seat.
          Lastly, appellant points out that the evidence showed that he “had never been
convicted of a felony or a misdemeanor crime of moral turpitude.” The jury was free
to take this evidence into consideration and was equally as free to disbelieve
appellant’s testimony in spite of it. See Lancon, 253 S.W.3d at 707.
          In sum, the evidence cited by appellant is the type that must be weighed and
evaluated by the finder of fact. See id. A jury’s decision is not manifestly unjust
merely because it resolved conflicting views of the evidence in favor of the State
instead of the appellant. See Cain, 958 S.W.2d at 410. Here, the jury was in the best
position to weigh and evaluate the evidence, and we properly afford due deference
to that determination. See id.
          After reviewing the evidence in a neutral light, we conclude that the evidence
supporting appellant’s conviction is not too weak to support the jury’s verdict, nor is
the jury’s verdict against the great weight and preponderance of the evidence. We
hold that the evidence is factually sufficient to support the judgment of conviction.
          We overrule appellant’s second issue.
 
Conclusion
          We affirm the judgment of the trial court.
 
 
 
 
Laura Carter Higley
Justice
 
Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. See Tex. R. App. P. 47.2(b).