

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00062-CR

KATHY REYNA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2016-411,137, Honorable William R. Eichman II, Presiding

February 22, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Despite her plea of not guilty, appellant Kathy Reyna was convicted by a jury of the offense of possession of methamphetamine with intent to deliver in an amount more than four grams but less than 200 grams[1] and sentenced by the trial court to eight years

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2018).

of imprisonment.[2]   Through one appellate issue, appellant challenges the State's evidence linking her to possession of the methamphetamine.  We will affirm.

## Background

At trial, the State presented the testimony of several police officers, including a member of the Lubbock SWAT team.  He testified he was part of a narcotics investigation involving appellant.  He told the jury appellant was detained after a "no-knock" search warrant targeting appellant was executed at her apartment.  The SWAT department used a battering ram to enter the residence.  It took some time, so SWAT members broke the windows near the door so they could see inside the apartment.

The sergeant leading the investigation testified that when police entered the apartment, they found four people, including appellant.  Appellant and one other person were detained in one bedroom while appellant's adult son and another male were found in another bedroom.  Police found a small black zippered bag containing several baggies of methamphetamine, later found to weigh 16.98 grams, in the closet of appellant's room.  Police also found baggies of methamphetamine in the nightstand of the room.  Photographs of those drugs were introduced into evidence.  Police found a notebook containing a ledger for drug transactions in appellant's purse, along with several utility bills with appellant's name and address on them.

---

[2] TEX. PENAL CODE ANN. § 12.32 (West 2018) (A first-degree felony is punishable by imprisonment for life or for any term of not more than 99 years or less than 5 years and a fine not to exceed $10,000).

Police also found marijuana and a digital scale in the apartment. Some $800 in cash was found on appellant's person. While police searched the residence, appellant told an officer "no one else in the apartment had anything to do with this."

Analysis

Appellant argues the State's evidence failed to connect her with the methamphetamine found in her apartment. She contends the evidence is insufficient because: (1) no fingerprints were taken; (2) police did not investigate the three people found in the apartment with her; (3) appellant did not have exclusive access to the methamphetamine found in her closet; (4) no drugs were found on appellant's person; and (5) there was time between SWAT's arrival and entry to the apartment during which evidence could have been moved.

We review the sufficiency of the evidence under the standard set forth in *Jackson v. Virginia*. 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010) (plurality op.). Under that standard, a reviewing court must consider all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citations omitted).

The jury is the sole judge of the weight and credibility of the evidence and we presume the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014) (citation omitted). We determine whether, based on the evidence and reasonable inferences drawn therefrom, a rational juror could have found the essential elements of the crime

3

beyond a reasonable doubt.  *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) (citations omitted).

A person commits the offense of possession of a controlled substance with intent to deliver if she possessed a controlled substance, with the intent to deliver the controlled substance to another, and knew that the substance in her possession was a controlled substance.  TEX. HEALTH & SAFETY CODE ANN. § 481.112(a); *Nhem v. State,* 129 S.W.3d 696, 699 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  Possession is defined as the "actual care, custody, control, or management" of the substance.  TEX. PENAL CODE ANN. § 1.07(a)(39) (West 2018); *Lipscomb v. State*, 526 S.W.3d 646, 652 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd).  In a prosecution for possession of a controlled substance, the State must prove beyond a reasonable doubt that (1) the defendant exercised control, management, or care over the substance and (2) the defendant knew the substance possessed was contraband.  *Lipscomb,* 526 S.W.3d at 652 (citing *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005)).  *See also Mixon v. State,* 481 S.W.3d 318, 323 (Tex. App.—Amarillo 2015, pet. ref'd) (citation omitted).

When a defendant is not in exclusive control of the place in which contraband is found, the State is required to establish possession through other facts and circumstances.  *Mixon,* 481 S.W.3d at 323.  Courts consider factors such as: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the

defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Mixon,* 481 S.W.3d at 323-24 (citations omitted); *Lipscomb,* 526 S.W.3d at 652 (citing *Evans,* 202 S.W.3d at 161; *Poindexter,* 153 S.W.3d at 409 n. 24). The number of links is not dispositive; rather, we consider the "logical force of all of the evidence, direct and circumstantial." *Mixon,* 481 S.W.3d at 324 (citation omitted). The links analysis is designed to protect an innocent bystander from conviction based solely on her "fortuitous proximity to someone else's drugs." *Poindexter,* 153 S.W.3d at 406. And, contrary to appellant's assertion, the absence of fingerprint evidence is not dispositive. *See, e.g., Pena v. State,* 441 S.W.3d 635, 641-42 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd).

The State argues it presented evidence of many significant links between appellant and the methamphetamine found in the closet. Viewing the evidence in the light most favorable to the jury's verdict, we conclude it was sufficient to demonstrate appellant's knowing possession of the methamphetamine.

The sergeant testified appellant was named in the search warrant and was the target of that warrant. Appellant was the person named on the apartment lease and she was present at the time police entered. *See Lipscomb,* 526 S.W.3d at 653 (citation omitted) (link between defendant and contraband may include the defendant's presence

5

at the time the search is conducted). Her purse, found on the nightstand in the same bedroom in which she was found, contained identification and utility bills bearing her name and the address of the apartment. Appellant admitted it was her apartment. *Id.* at 652-53 (link may include whether defendant owned or had the right to possess place where contraband was found).

Appellant's purse also contained a drug "ledger." The sergeant testified that the "ledger" was a notebook that contained names of people who owed appellant money for drugs. He explained that it is common for police "to find these on the scenes of people that are selling narcotics." He also testified he recognized some of the names in the ledger and that those people were also in the narcotics business.

Police found what they suspected was marijuana and a digital scale in the bedroom where appellant was found and found $800 on appellant's person. The sergeant told the jury officers often see scales with people who are dealing narcotics because the dealers will have a "bulk bag" of the drug and use the scale to weigh and divide it into smaller packages for distribution. *Lipscomb,* 526 S.W.3d at 652-53 (link may include whether other narcotics or drug paraphernalia are present). The sergeant agreed it was common for police to find large amounts of cash on the person of a narcotics dealer. *Evans,* 202 S.W.3d at 162 n.12; *Reyes v. State,* No. 07-05-0296-CR, 2006 Tex. App. LEXIS 1595, at *8 (Tex. App.—Amarillo Feb. 28, 2005, no pet.) (mem. op., not designated for publication) (cash as link between defendant and contraband).

The methamphetamine was found in a black zippered bag inside the closet of the room in which appellant was found. *Lipscomb,* 526 S.W.3d at 652 (citations omitted) (link

may be established when contraband is hidden in a place tied to the defendant). The sergeant agreed he was confident that the room in which the methamphetamine was found was appellant's room.

The State supported the testimony with photographs taken of appellant's apartment and the evidence seized during the search.

An officer also testified appellant told him "no one else in the apartment had anything to do with this." While appellant argues on appeal that there was no evidence presented indicating what appellant meant by "this," the police officer testified he interpreted appellant's statement to refer to the methamphetamine and to indicate the other people in the apartment were not involved. *Lipscomb,* 526 S.W.3d at 653 (link between a defendant and contraband may be shown by a defendant's incriminating statements).

The State also presented a jail phone call recording relating a conversation appellant had with her son. In that call, appellant told her son to delete the contents of her phone. The sergeant testified he found a cell phone in appellant's possession at the time the team executed the search warrant. While appellant argues there are other reasons for her requests, such attempts to conceal incriminating evidence also can be considered as indications of consciousness of guilt. *Guevara v. State,* 152 S.W.3d 45, 50 (Tex. Crim. App. 2004) (citation omitted).

Notwithstanding the evidence indicating appellant's knowing possession of the methamphetamine, appellant contends the substance could have been placed there by any of the other three people in the apartment at the time of the search or by her husband

who also had access to the apartment.[3]   Although the State's burden was to prove defendant's guilt beyond a reasonable doubt, its burden did not "require it to disprove every conceivable alternative" to her guilt.  *Tate v. State*, 500 S.W.3d 410, 414 (Tex. Crim. App. 2016).   Considering the evidence before it, we find a rational jury could have concluded appellant exercised control or care over the methamphetamine and knew the substance was contraband.   Said another way, the jury's conclusion of her knowing possession was not merely speculation, but was a reasonable inference based on the evidence.  *See id.* (citing *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007).  Any conflicts in the evidence were for the jury to resolve.  *Wise v. State,* 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).

Finding the evidence was sufficient to support her conviction, we resolve appellant's issue against her.

Conclusion

Having overruled appellant's sole issue on appeal, we affirm the judgment of the trial court.

James T. Campbell<br>Justice

Do not publish.

---

[3] Appellant chose not to testify.

8