**Affirmed as Modified; Opinion Filed February 25, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-01380-CR
No. 05-13-01381-CR

**WILSON BLUE III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the Criminal District Court No. 3
Dallas County, Texas
Trial Court Cause Nos. F12-62630-J and F12-62631-J

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Evans

Wilson Blue, III appeals his convictions for possession with intent to deliver four grams or more but less than 200 grams of methamphetamine and possession with intent to deliver 400 or more grams of cocaine. In four issues, he challenges the sufficiency of the evidence supporting the convictions and also requests that we modify the trial court's judgments to reflect that he pleaded "not guilty" to the offenses. We conclude the evidence is sufficient to support the convictions and that the judgments should be modified as requested. As modified, we affirm the trial court's judgments.

FACTUAL AND PROCEDURAL BACKGROUND

The State presented the following evidence at the bench trial. Dallas police officer Christopher Cooley testified that on November 20, 2012, at around 11 p.m., he and his partner were on patrol in a high crime area in Dallas next to a two-story apartment complex known for

drug sales and weapons. Although gates for entering the apartment complex's interior were usually locked, that evening one of the gates was propped open, allowing the officers to enter the courtyard of the complex. Officer Cooley climbed up stairs to the second floor apartments. As he was about to pass the door to apartment 214, a women opened it. Officer Cooley looked around the woman into the apartment and saw a man later identified as appellant sitting on a couch behind a coffee table breaking what appeared to be crack cocaine into smaller pieces.[1] Also in plain view were scales, pill bottles, and plastic baggies on the coffee table in front of appellant. Officer Cooley stated appellant's left hand was on the table and his right hand was under his left leg. Appellant stood up at the same time Officer Cooley ordered him to stand. Appellant dropped a revolver he had in his right hand on the couch as he stood. Hearing Cooley's commands, his partner proceeded to the door of apartment 214, and appellant was placed in handcuffs and removed from the apartment. The officers then conducted a protective sweep of the apartment where they discovered a women later identified as Beverly Jackson in a back bedroom.[2] Officer Cooley testified he searched appellant after the protective sweep and found a key to apartment 214 in appellant's pocket.

After obtaining a search warrant based on what they saw in plain view, the officers searched the apartment. In addition to the gun and items Officer Cooley observed when he first saw appellant, the search recovered more drugs, and other items consistent with a drug distribution enterprise. In the back bedroom they discovered "a bunch" of currency in small denominations and a piece of luggage on the bed.[3] Inside the luggage were three large Ziploc bags containing what was later identified as cocaine. The amount of cocaine in the luggage had

---

[1] The woman who opened the door to apartment 214 left and was not apprehended by the police.

[2] Jackson was handcuffed and interviewed at the police station, but not charged with any offense arising out of these events.

[3] The total amount of currency removed from the apartment was $5,166.

an estimated value ranging from $20,000 to $100,000. They also found a piece of crack cocaine and some pill bottles on a bookshelf. In the second bedroom, they found a handgun and several types of ammunition under clothes in a laundry basket. In the living room underneath a couch cushion, officers found a piece of mail concerning child support addressed to appellant, but at a completely different address. From the living room coffee table, they discovered, among other things, digital scales with white residue, several rocks of cocaine, some marijuana, cash, a bag containing crystal substance later identified as methamphetamine, a round dish containing a cookie of crack cocaine, pills of some sort, empty capsules, pill bottles, and an appointment card with appellant's name on it.

According to appellant, who testified at trial, he went to apartment 214 to buy some crack cocaine. He knocked on the door and a guy he knew as "Slick" let him inside. Appellant sat down on a chair by the kitchen table. Slick's girlfriend then entered the apartment with Jackson, who went straight to the restroom. After answering his phone, Slick told appellant to sit down and stay there. Slick and his girlfriend then left the apartment quickly, closing the door. About forty-five seconds to a minute later, appellant heard a knock on the door, the door opened, and Officer Cooley appeared with his gun drawn and pointed inside the apartment. According to appellant, the officer came over to him, pulled him out of his chair, and took him outside. Appellant indicated when the officer searched him, he took his pill bottle and wallet containing, among other things, a doctor's appointment card and a child support letter addressed to him. He denied touching any guns while in the apartment and also denied having a key to apartment 214 on him. He also stated it was not possible for him to be breaking up drugs with his left hand as Officer Cooley testified. He demonstrated in court the limitation of motion he had in that hand as a result of being shot in that hand in 2009. Appellant admitted that he had served a fifteen-year sentence for delivery of a controlled substance.

Appellant's girlfriend testified that she drove appellant to the apartment complex and dropped him off near the rental office around 12:30 a.m. on November 20, 2012. She stated she thought he was planning to smoke some drugs because she saw him grab his wallet, a pill bottle, and cigarettes before they left her apartment.

Beverly Jackson testified that she was in the parking lot of the apartment complex and asked a woman getting out of a car if she could use her bathroom. The woman agreed, and the two went to apartment 214. Jackson testified that when she and the woman walked in, there were a couple of figures in the apartment, but she did not pay attention to them and proceeded directly to the bathroom. As she was getting ready to leave the bathroom she heard "bam, bam, bam, Dallas police." She came out with her hands up as instructed by the police. The officers had her place "her money and everything on the table." They then handcuffed her and escorted her outside to where appellant was sitting.

ANALYSIS

In his first and second issues, appellant challenges the legal sufficiency of the evidence to support his convictions. Specifically, he argues that the evidence does not prove beyond a reasonable doubt that appellant intended to deliver the cocaine and methamphetamine seized from apartment 214. Appellant asserts the evidence did not show he lived in or was connected to the apartment in any way other than as a user trying to buy drugs there. He further contends his mere presence in the living room did not establish any connection between him and the apartment's bedrooms and their contents.

In reviewing a legal sufficiency challenge, we must determine whether any reasonable fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012) (citing *Jackson v. Virginia*, 443 U.S. 307, 318 (1979)). We review all the evidence in the light most favorable to the verdict, giving

deference to the fact finder's responsibility to weigh the evidence, resolve conflicting testimony, and draw reasonable inferences from basic facts to ultimate facts. *See id.* We also determine "whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (quoting *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)). Direct and circumstantial evidence are treated equally. *Id.*

To establish unlawful possession of a controlled substance with intent to deliver, the State must prove that appellant exercised custody, control, management, or care of the controlled substance, intended to deliver the controlled substance to another, and knew the matter possessed was contraband. *Nhem v. State*, 129 S.W.3d 696, 699 (Tex. App.—Houston [1st Dist.] 2004, no pet.). The evidence may be either direct or circumstantial, but must show the appellant's connection to the drugs was more than just fortuitous. *See Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006). Although appellant's mere presence where drugs are found, without more, is insufficient to establish possession, appellant's proximity to the drugs combined with other evidence can prove possession beyond a reasonable doubt. *See id.* at 162.

A nonexclusive list of factors that can be sufficient either singly or in combination, to establish possession of contraband include: (1) presence when search is conducted; (2) whether the contraband is in plain view; (3) proximity to and the accessibility of the contraband, (4) the accused being under the influence of narcotics when arrested; (5) possession of other contraband or narcotics when arrested; (6) incriminating statements made by the accused when arrested; (7) an attempt to flee; (8) furtive gestures; (9) an odor of contraband; (10) the presence of other contraband or drug paraphernalia; (11) whether the accused owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) possession of a large amount of cash; (14) conduct indicating a consciousness of

guilt; and (15) the quantity of the contraband. *See Evans*, 202 S.W.3d at 162 n.12; *McQuarters v. State*, 58 S.W.3d 250, 259 (Tex. App.—Fort Worth 2001, pet. ref'd). The number of linking factors is not as important as the logical force they create to support an inference of knowing possession of contraband. *Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.).

Factors we consider is determining whether an accused had intent to deliver include: (1) the nature of the location at which appellant was arrested, (2) the quantity of the controlled substance in appellant's possession, (3) the manner of the packaging of the drugs, (4) the presence or absence of drug paraphernalia, (5) the appellant's possession of large amounts of cash, and (6) appellant's status as a drug user. *See Moreno. v. State,* 195 S.W.3d 321, 325 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd).

Here, appellant was arrested in an apartment at a complex that was known for drug sales. The evidence established that methamphetamine, several pieces of crack cocaine, a cocaine "cookie," other drugs, digital scales, empty capsules, and pill bottles were in plain view on the coffee table and within appellant's reach when Officer Cooley first saw appellant in the apartment. Indeed, Officer Cooley testified that he witnessed appellant breaking the crack cocaine into smaller pieces with his left hand while hiding a gun in his right hand under his left leg. The apartment search also recovered a doctor's appointment card for appellant and a pill bottle with appellant's name on it as well as a piece of mail concerning child support addressed to appellant underneath a couch cushion. Additionally, Officer Cooley testified he found a key to apartment 214 in appellant's pocket. There was a large amount of cash in small denominations, three large bags of cocaine, a gun, and various types of ammunition recovered from the bedrooms, consistent with a drug delivery enterprise.

We conclude the direct and circumstantial evidence is sufficient to establish appellant possessed the cocaine and methamphetamine found in the apartment with the intent to deliver it to another. Viewing the evidence in the light most favorable to the verdict, a rational fact finder could have found beyond a reasonable doubt that appellant exercised care, control, custody, and management over the cocaine and methamphetamine seized from the apartment, intended to deliver it to another, and knew it was contraband. *See Jackson*, 443 U.S. at 319. In reaching this conclusion, we necessarily reject appellant's assertion that the evidence is legally insufficient to support the cocaine conviction because the State did not directly connect appellant to the back bedroom where the bags of cocaine were found in a piece of luggage. We note that the key to the apartment found on appellant, as well as the piece of mail found under the couch cushion sufficiently negated appellant's contention that he was merely present in the apartment to purchase drugs.

Appellant relies largely on his own testimony and other defense witnesses to support his version of the events and assertion that Slick was the individual selling drugs that night. As noted above, however, as fact finder, the trial court was free to resolve conflicts in the testimony against appellant and such determinations will not be disturbed on appeal. *See Wise v. State*, 364 S.W.3d at 903. We resolve appellant's first and second issues against him.

In his third and fourth issues, appellant requests that we modify the trial court's judgments to reflect that he pleaded "not guilty" to the offenses with which he was charged. The State agrees that the judgments should be modified as appellant requests.

Where, as here, the record provides the necessary information to correct inaccuracies in a trial court's judgment, we have the authority to modify the judgment to speak the truth. *See* TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). The parties agree, and our review of the record confirms, that appellant pleaded "not

guilty" to the offenses. Accordingly, we resolve appellant's third and fourth issues in his favor. We modify the judgment of conviction in trial court cause number F12-62630-J to reflect that appellant pleaded "not guilty" to the offense of possession with intent to deliver 400 or more grams of cocaine. We modify the judgment of conviction in trial court cause number F12-62631-J to reflect that appellant pleaded "not guilty" to the offense of possession with intent to distribute four grams or more but less than 200 grams of methamphetamine. We affirm the trial court's judgments as modified.

/ David Evans/

DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

131380F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILSON BLUE III, Appellant

No. 05-13-01380-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F12-62630-J
Opinion delivered by Justice Evans, Justices
Francis and Stoddart participating.

       Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:
       Under the section "Plea to the Offense", "Guilty" is replaced with "Not Guilty."
As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 25th day of February, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILSON BLUE III, Appellant

No. 05-13-01381-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F12-62631-J
Opinion delivered by Justice Evans, Justices
Francis and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:
Under the section "Plea to the Offense", "Guilty" is replaced with "Not Guilty."
As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 25th day of February, 2015.